

```
1                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TEXAS
2                        SHERMAN DIVISION

3   UNITED STATES OF AMERICA      |  DOCKET 4:21-CR-253(6)
                                  |
4                                 |  JANUARY 16, 2024
    VS.                           |
5                                 |  3:44 P.M.
                                  |
6   SANDRA IRIBHOGBE POPNEN       |  SHERMAN, TEXAS

7   --------------------------------------------------------

8           VOLUME 1 OF 1, PAGES 1 THROUGH 30

9       REPORTER'S TRANSCRIPT OF CHANGE OF PLEA HEARING

10       BEFORE THE HONORABLE AMOS L. MAZZANT, III,
                 UNITED STATES DISTRICT JUDGE
11  --------------------------------------------------------

12


13


14  APPEARANCES:

15  FOR THE GOVERNMENT:     HEATHER HARRIS RATTAN
                            U.S. ATTORNEY'S OFFICE - PLANO
16                          101 E. PARK BOULEVARD, SUITE 500
                            PLANO, TX 75074
17
    FOR THE DEFENDANT:      MARIA TU
18                          LAW OFFICES OF MARIA TU, PC
                            6200 CHASE OAK BLVD, SUITE 102-A
19                          PLANO, TX 75023

20
    COURT REPORTER:         CHRISTINA L. BICKHAM, CRR, RDR
21                          FEDERAL OFFICIAL REPORTER
                            101 EAST PECAN
22                          SHERMAN, TX 75090

23


24
         PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
25      TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
```

```
 1                (Open court, Defendant present.)

 2                THE COURT:  Okay.  The next case is 4:21-cr-253,

 3    United States of America versus Sandra -- is it Popnen?

 4                MS. TU:  Popnen, your Honor.

 5                THE COURT:  Okay.  And for the Government?

 6                MS. RATTAN:  Heather Rattan for the United States.

 7    Good afternoon, your Honor.

 8                THE COURT:  And for the Defendant?

 9                MS. TU:  Maria Tu on behalf of Sandra Popnen.

10                THE COURT:  And then I do have a question.  I know

11    that there was a request to do the guilty plea in front of

12    me as an open plea.  Was there a Plea Agreement ever

13    entered into?

14                MS. RATTAN:  No, your Honor.

15                THE COURT:  Okay.  And then I know the Government

16    had an issue with the Factual Basis that was prepared by

17    Defense.  Has that been clarified?

18                MS. RATTAN:  No, it really hasn't.

19                THE COURT:  Okay.  So based on the Factual Basis,

20    the Government is objecting that that is not sufficient.

21                MS. TU:  Your Honor, we filed the Factual tracking

22    the First Superseding Indictment.  I believe the main issue

23    is really about the amount of loss.  I don't believe it is

24    about the actual elements of the Indictment.

25                THE COURT:  And then Ms. Rattan?
```

 1          MS. RATTAN:  May I be heard?

 2          THE COURT:  Yes, please.

 3          MS. RATTAN:  We filed this afternoon elements for

 4  both Count 1 and Count 2.  If the Defendant would admit to

 5  each one of the elements of Count 1 and Count 2, we believe

 6  that would be sufficient.  We do object to the loss amount

 7  that the Defendant has included in the Factual.

 8  Additionally, we object because it doesn't include specific

 9  enhancements that we believe would apply here.  But we

10  acknowledge that those are punishment issues.

11          THE COURT:  Okay.  And, of course, the issue of

12  the loss isn't necessarily an element of the offense.

13  That's a dispute that may have to be settled later at the

14  sentencing hearing and requiring evidence if there is an

15  objection to the loss amount.

16          Ms. Tu, have you looked at the Elements of the

17  Offense?

18          MS. TU:  I've looked at it with my client just

19  this afternoon.  Hang on a second, your Honor.

20          THE COURT:  Okay.  I was just saving us time.  I

21  don't want to go through with this if we're going to have a

22  breakdown somewhere.

23          (Off-the-record discussion among counsel.)

24          MS. RATTAN:  Your Honor, on Page 2 of the

25  Elements, which are Document 1069 before the Court, there

1   is a mistake at the bottom of the page under -- there is 1

2   and 2, and it's the description of what the specific

3   unlawful activity was.

4            In the elements that we've provided the Court, it

5   says:  "Conspiracy to distribute or possess with intent to

6   distribute controlled substances."  That's incorrect.  It

7   would be the conspiracy to commit wire fraud that's alleged

8   in Count 1 of the Indictment.

9            THE COURT:  Okay.  Do you want to change that

10  and --

11           MS. RATTAN:  Your Honor, may I approach and maybe

12  use the Court's copy, and then we can initial it and offer

13  it as an exhibit?

14           THE COURT:  That's fine.

15           And I'm sorry to everyone else.  We're running

16  behind today.  We try to space everything out.  But several

17  of the sentencings went longer, so I apologize for the

18  delay.

19           MS. TU:  You need to be given an award, Judge.

20  Twenty-three sentencings?

21           THE COURT:  I think we're doing 80 sentencings

22  over this week and next week so -- is what Ms. Conrad tells

23  me.

24           And then we thought we'd throw a plea here in the

25  middle.

 1            MS. RATTAN:  Well, thank you.  I appreciate it.

 2            THE COURT:  No, that's fine.  We're here to serve.

 3            MS. RATTAN:  And then, your Honor, may the record

 4    reflect that we've made that change and on Page 2 of

 5    Document 1069, it now reads:  "That the financial

 6    transaction involved the proceeds of a specified unlawful

 7    activity, namely, conspiracy to commit wire fraud."  And

 8    all parties have agreed.

 9            THE COURT:  And then you have retained a copy?

10    Because you're going to read the elements in.

11            MS. RATTAN:  I will, your Honor.  Thank you.

12            THE COURT:  Okay.  Let's go ahead and get started

13    and, ma'am, if you'll raise your right hand and be sworn

14    in.

15            (The oath is administered to the Defendant.)

16            THE COURT:  Okay.  If you will speak up and just

17    state your name for the record.

18            THE DEFENDANT:  Sandra Popnen.

19            THE COURT:  And how old are you, ma'am?

20            THE DEFENDANT:  50 -- I'm 51 this year.

21            THE COURT:  Okay.  What's the last grade that you

22    completed in school?

23            THE DEFENDANT:  Doctoral review, doctoral program.

24            MS. TU:  Doctoral.

25            THE COURT:  I got it.  Thank you.

1             You read, write, and speak English, correct?

2             THE DEFENDANT:  Oh, sure.

3             THE COURT:  And, now, since you've taken the oath,

4    you are now under the penalties of perjury.  If you give

5    false answers during this hearing, your answers may later

6    be used against you in a prosecution for perjury or false

7    statement.

8             Do you understand?

9             THE DEFENDANT:  Yes, sir.

10            THE COURT:  Is today your desire to plead guilty

11   to Count 1 of the First Superseding Indictment that charges

12   a violation of Title 18 United States Code, Section 1349,

13   conspiracy to commit wire fraud, and Count 2 of the First

14   Superseding Indictment that charges a violation of Title 18

15   United States Code, Section 1956(h), conspiracy to commit

16   money laundering?

17            That's your intent, to plead guilty to those?

18            THE DEFENDANT:  Yes, sir.

19            THE COURT:  As we begin this plea hearing, if you

20   ever have a question, just stop me and I'll try to answer

21   any question you might have.  Or if you need to consult

22   with your counsel, stop me, too, and I'll give you time to

23   consult with your counsel.

24            Do you understand?

25            THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Have you discussed all the facts of

2     the case with your attorney as well as any defenses you

3     might have?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Are you satisfied that your attorney

6     has fully considered your case as well as any defenses you

7     might have to these charges?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  And are you fully satisfied your

10    attorney has completely advised you?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Now I want to go over some of your

13    constitutional rights.  Do you understand that you have the

14    right to persist in your plea of not guilty, you have the

15    right to a speedy and public trial, you have the right to

16    be tried by a jury, you have the right to the assistance of

17    counsel throughout all proceedings including trial, you

18    have the right to confront and cross-examine the witnesses

19    against you, you have the right to present a defense and

20    the right to have witnesses subpoenaed to court to testify

21    in your behalf, and you have the right against compelled

22    self-incrimination, which just means the Government can

23    never force you to testify at any trial or hearing and the

24    Government may not comment upon your silence?

25         Do you understand that you have these rights that

Change of Plea Hearing                                         8

1   I just mentioned?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Now, if you plead guilty today, there

4   will be no trial.  You will be giving up these

5   constitutional rights with the exception of the right to

6   continued assistance of counsel.

7           Do you understand and agree to that?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  So that you will fully understand the

10  nature of the charges against you, we have to go over the

11  Elements of the Offense, which is the document you've just

12  updated with the Government.

13          In order to be found guilty of these offenses, the

14  Government would have to prove to the jury the Elements of

15  the Offense beyond a reasonable doubt.  Now I'm going to

16  have Ms. Rattan read these into the record, and then I'm

17  going to ask you if you understand these.

18          MS. RATTAN:  Your Honor, the elements are in

19  Document 1069.

20          The elements are, in Count 1:

21          that the Defendant and one or more persons agreed

22  to commit wire fraud;

23          Two, that the Defendant knew the unlawful purpose

24  of the agreement; and,

25          Three, that the Defendant joined the agreement

1   with the intent to further the unlawful purpose.

2          The elements of wire fraud are as follows:

3          One, that the Defendant knowingly devised or

4   intended to devise any scheme to defraud, that is, the

5   scheme to defraud described in the First Superseding

6   Indictment;

7          Two, that the scheme to defraud employed false

8   material representations or false pretenses or false

9   material promises;

10          Three, that the Defendant --

11          THE COURT:  Ms. Rattan, I think you left out

12   "material" on one, so that the scheme to defraud employed

13   false material representations or false material pretenses.

14   I think you left that "material" out.

15          MS. RATTAN:  Thank you, your Honor.

16          And then on Page 2, Number 3, that the Defendant

17   transmitted or caused to be transmitted by way of wire

18   communications, in interstate commerce, any writing or sign

19   or signal for the purpose of executing such scheme.

20          And, four, that the Defendant acted with a

21   specific intent to defraud.

22          The elements of Count 2 are:

23          One, that the Defendant and at least one other

24   person made an agreement to commit the crime of money

25   laundering, in violation of Title 18 United States Code,

1    Section 1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(2)(A), and

2    (a)(2)(B)(i) as charged in the First Superseding Indictment

3    and,

4         Two, that the Defendant knew the unlawful purpose

5    of the agreement and joined in it willfully, that is, with

6    the intent to further its unlawful purpose.

7         The essential elements of Title 18 United States

8    Code, Section 1956(a)(1)(A)(i), (a)(1)(B)(i), and

9    (a)(2)(A), and (a)(2)(B)(i) are:

10         One, that the Defendant knowingly conducted or

11    attempted to conduct a financial transaction;

12         Two, that the financial transaction involved the

13    proceeds of a specified unlawful activity, namely,

14    conspiracy to commit wire fraud;

15         Three, that the Defendant knew that the property

16    involved in the financial transaction represented the

17    proceeds of some form of unlawful activity; and,

18         Four, that the Defendant intended to promote the

19    carrying on of the specified unlawful activity or intended

20    to conceal, disguise the nature, location, source,

21    ownership, or control of the proceeds of the specified

22    unlawful activity.

23         The essential elements of 18 United States Code,

24    Section 1956(a)(2)(A) and (a)(2)(B)(i) are:

25         One, that the Defendant knowingly transported,

1    transmitted, or transferred monetary instruments or funds

2    from the United States to or through a place outside the

3    United States;

4           Two, that the Defendant knew that the monetary

5    instrument or funds involved in the transportation,

6    transmission, or transfer represented the proceeds of the

7    specified unlawful activity; and,

8           Three, that the Defendant knew that such

9    transportation, transmission, or transfer was designed, in

10   whole or in part, to promote the carrying on of the

11   specified unlawful activity or to conceal or disguise the

12   nature, source, ownership, or control of the proceeds of

13   the specified unlawful activity.

14          Additionally, your Honor, these two elements that

15   I'm getting ready to address are not included in the

16   elements.  However, the Government would also have to prove

17   that the Defendant is, in fact, the person who was charged

18   in the First Superseding Indictment, and we would also have

19   to establish by a preponderance of the evidence that the

20   events occurred in the Eastern District of Texas and

21   elsewhere.

22          THE COURT:  Thank you, Ms. Rattan.

23          So, ma'am, do you understand the nature of these

24   charges and each of the Elements of the Offense as they

25   have just been explained to you?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  If you plead guilty to the offenses

3   charged, you'll be admitting to these elements.  Do you

4   understand?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  I need to go over the penalties you

7   could receive by pleading guilty.

8           For Count 1, conspiracy to commit wire fraud,

9   you're looking at imprisonment for a term not more than 20

10  years.

11          Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  There could be a fine not to exceed

14  $250,000 or both.

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  If the violation affected a financial

18  institution, the imprisonment could be for a term of not

19  more than 30 years, a fine not to exceed $1 million or both

20  imprisonment and a fine, and a term of supervised release

21  of not more than five years.

22          Do you understand all that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  There is also a special assessment of

25  $100 per count.

Change of Plea Hearing                     13

```
 1              Do you understand that, too?
 2              THE DEFENDANT:  Yes, your Honor.
 3              THE COURT:  For Count 2, conspiracy to commit
 4  money laundering, you're looking at imprisonment for a term
 5  of not more than 20 years.
 6              Do you understand that?
 7              THE DEFENDANT:  Yes, your Honor.
 8              THE COURT:  There could be a fine not to exceed
 9  $500,000 or twice the value of any property involved in the
10  transaction, whichever is greater.
11              Do you understand that?
12              THE DEFENDANT:  Yes, your Honor.
13              THE COURT:  And there could be both imprisonment
14  and a fine and a term of supervised release of not more
15  than three years.
16              Do you understand that?
17              THE DEFENDANT:  Yes, your Honor.
18              THE COURT:  And there will be a special assessment
19  of $100 for this count as well.
20              Do you understand that?
21              THE DEFENDANT:  Yes, your Honor.
22              THE COURT:  There could also be forfeiture of
23  property involved.  I don't know if there is any forfeiture
24  in this case, but there could be forfeiture.
25              Do you understand that?
```

Change of Plea Hearing                          14

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Okay.  So do you have any questions

3   regarding the penalties you could receive by pleading

4   guilty?

5           Do you have any questions about the penalties?

6           THE DEFENDANT:  No, your Honor.

7           THE COURT:  I'm sorry.  No?

8           THE DEFENDANT:  No.

9           THE COURT:  Okay.  And then are you a U.S.

10  citizen?

11          THE DEFENDANT:  No, your Honor.

12          THE COURT:  Do you understand that there could be

13  implications to your status here and you could be deported,

14  by pleading guilty?

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  And then do you also realize and

18  understand that although the sentencing guidelines are

19  advisory, a guideline sentence will be calculated and the

20  guidelines may apply in this case?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Have you discussed with your attorney

23  the sentencing guidelines and how they may be used?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Do you understand the sentencing

1    guidelines are not mandatory and the sentencing judge,

2    which is me, is not obligated to follow them in this case?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  And do you also understand the Court

5    will not be able to determine the guideline sentence for

6    your case until after the presentence report has been

7    completed and you and the Government have had the

8    opportunity to challenge the facts and calculations as

9    reported by the probation officer?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  And do you also understand the

12   sentence imposed may be different from any estimate your

13   attorney, the Government, or the probation officer may have

14   given you?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  And since the sentencing guidelines

17   are not binding on the Court, the sentencing judge may

18   depart from them and sentence you up to the statutory

19   maximum in this case.

20           Is that clear?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  So for Count 1, you could be up to 20

23   years or up to 30 years if it affects a financial

24   institution and Count 2 could be up to 20 years.

25           Do you understand that's the penalties you're

 1  looking at?

 2          THE DEFENDANT:  I do.

 3          THE COURT:  And if the sentence you receive is

 4  more severe than you expect, you are still bound by your

 5  plea.

 6          Do you understand that?

 7          THE DEFENDANT:  Yes, your Honor.

 8          THE COURT:  Do you also understand that parole has

 9  been abolished in the federal system and if you are

10  sentenced to a term of imprisonment, you will not be

11  released on parole?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  And do you also understand under some

14  circumstances you and the Government may have the right to

15  appeal any sentence imposed?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  And then has the Government promised

18  you anything -- or made any promise to you or

19  representation to you to get you to plead guilty today?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  And no one has made any representation

22  to force you to plead guilty today?

23          THE DEFENDANT:  No, no, no.  No, your Honor.

24          THE COURT:  Nobody has threatened you to get you

25  to plead guilty?

1            THE DEFENDANT:  No, your Honor.

2            THE COURT:  Are you pleading guilty to help

3   anybody else?

4            THE DEFENDANT:  No, your Honor.

5            THE COURT:  And are you pleading guilty of your

6   own free will because you are, in fact, guilty of these

7   charges?

8            THE DEFENDANT:  Yes, your Honor.

9            THE COURT:  And are you entering these pleas of

10  guilty freely and voluntarily?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  And is it the result of your own

13  reasoning process?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Have you been treated recently for any

16  kind of mental illness or addiction to narcotic drugs of

17  any kind?

18           THE DEFENDANT:  No, your Honor.

19           THE COURT:  Are you currently under the influence

20  of any drug, medication, or alcoholic beverage of any kind?

21           THE DEFENDANT:  No, your Honor.

22           THE COURT:  Does counsel for the Government or

23  counsel for Defense have any doubt as to Defendant's

24  competence to plead guilty today?

25           MS. RATTAN:  No, your Honor.

Change of Plea Hearing                18

```
 1              MS. TU:  I'm sorry.  What was the question again?

 2              THE COURT:  Do you have any doubt about her

 3    competency?

 4              MS. TU:  No, your Honor.

 5              THE COURT:  Now we need to go over your Factual

 6    Basis.  And you prepared one that you and your counsel

 7    prepared.

 8              Do you have that in front of you?

 9              THE DEFENDANT:  Yes, your Honor.

10              THE COURT:  Is that your signature on the second

11    page?

12              THE DEFENDANT:  Could you repeat the question.

13              THE COURT:  Is that your signature on the second

14    page?

15              THE DEFENDANT:  Yes, your Honor.

16              THE COURT:  And did you have a chance to discuss

17    this with your counsel before you signed it?

18              THE DEFENDANT:  Yes, your Honor.

19              THE COURT:  Okay.  I'm going to have this read

20    into the record.

21              And, Ms. Rattan, do you mind reading that into the

22    record for me?

23              MS. RATTAN:  I don't, your Honor.

24              THE COURT:  You didn't prepare it but --

25              If you'll listen carefully, I'm going to have it
```

1    read into the record and then I'm going to ask a couple

2    questions.

3            MS. RATTAN:  May I stand over here so the --

4            THE COURT:  Of course.

5            MS. RATTAN:  -- Defendant can follow?

6            THE COURT:  Yeah, please.

7            MS. RATTAN:  Factual Basis.  The Defendant, Sandra

8    Iribhogbe Popnen, hereby stipulates and agrees that at all

9    times relevant to the Indictment herein, the following

10   facts were true:

11           One, the Defendant -- and it has her name -- who

12   is entering a plea of guilty is the same person charged in

13   the Indictment.

14           Two, events and conduct described in the

15   Indictment occurred in the Eastern District of Texas and

16   elsewhere.

17           Three, the Defendant and co-conspirators knowingly

18   and willfully agreed to commit wire fraud, in violation of

19   Title 18 United States Code, Section 1343, that is, to

20   devise a scheme to defraud and obtain money from victims

21   using false and fraudulent pretenses, representations, and

22   promises for the purposes -- for the purpose of unlawfully

23   and unjustly enriching themselves.

24           Four, the Defendant and co-conspirators further

25   transmitted or caused to be transmitted, by means of wire

 1    in interstate or foreign commerce, the money received for

 2    the purpose of executing such scheme.

 3           Five, the Defendant and co-conspirators knowingly

 4    and willfully agreed to commit conspiracy to commit money

 5    laundering, in violation of Title 18 United States Code,

 6    Section 1956, that is, to transport, transmit, and transfer

 7    and attempt to transport, transmit, and transfer a monetary

 8    instrument or funds involving the proceeds of specified

 9    unlawful activity, that is, wire fraud, in violation of

10    Title 18 United States Code, Section 1343, from a place in

11    the United States to or through a place outside of the

12    United States, knowing that the funds involved in the

13    transportation, transmission, and transfer represented the

14    proceeds of some form of unlawful activity and knowing that

15    such transportation, transmission, and transfer was

16    designed, in whole or in part, to conceal and disguise the

17    nature, location, source, ownership, and control of the

18    proceeds of the specified unlawful activity, in violation

19    of Title 18 United States Code, Section 1956(a)(2)(B)(i).

20           Six, the Defendant knew the financial harm

21    resulting from the offense was more than 550,000 but less

22    than 1.5 million.

23           This has been signed by the Defendant and approved

24    by her counsel.

25           And again, your Honor, we would note that it's the

1   loss amount that the Defendant has placed in paragraph 6 of

2   her factual statement that the Government objects to along

3   with the failure to include other important relevant

4   enhancements.

5        THE COURT:  So, first of all, as to that, ma'am,

6   you understand that although you have stipulated to that

7   amount and -- the Government contests that that's the right

8   loss amount, and that is something that Probation will have

9   the ability to look at that, and it could be a different

10  number and a higher number.

11       You understand that?

12       So you understand the Court is not bound by your

13  stipulation to the loss amount.  Do you understand that?

14       THE DEFENDANT:  I understand it.

15       THE COURT:  Because, I mean, the Government

16  contests that.  The Government also says other enhancements

17  could apply here that aren't covered by your Factual Basis.

18       You just understand that just because you gave

19  this Factual Basis, there could be many other enhancements

20  that the Government could show to the probation officer

21  upon other facts that you haven't agreed to that -- and I

22  understand it could become a contested issue later, but

23  that could change the guideline range.

24       You understand that?

25       THE DEFENDANT:  Yes, I do.

```
 1              THE COURT:  I just want to make sure you
 2    understand that.
 3              And let me just ask a couple questions.  So is
 4    everything contained in the factual statement -- the
 5    written factual statement the Government read, is it true
 6    and correct?
 7              MS. TU:  Are you asking --
 8              THE COURT:  I'm asking the Defendant.
 9              THE DEFENDANT:  Yes, your Honor.
10              THE COURT:  Do you acknowledge and agree with
11    these facts constituting proof of the commission of the
12    offenses and the charges against you in the current
13    Indictment in every respect?
14              THE DEFENDANT:  Yes, your Honor.
15              THE COURT:  And are there any changes you would
16    offer to this written factual statement?
17              Any changes you want to make?
18              THE DEFENDANT:  No.
19              THE COURT:  And then can you explain to me in your
20    own words what you did in this case?
21              THE DEFENDANT:  That's conspiracy to commit money
22    laundering, 18 USC 1956, and wire fraud violation, 18 USC
23    1343.
24              THE COURT:  I know, but just tell me in your own
25    words what you actually did.  Tell me in your own words
```

 1    what you did in the case.  You cited the statutes but --

 2          THE DEFENDANT:  Actually, it's more like a tail

 3    end.  Some -- I exchanged forms for students because back

 4    home they are having difficulties sending forms here

 5    because of the scarcity.  Like I actually wrote to the

 6    prosecutor in April --

 7          THE REPORTER:  I'm sorry.  Can you repeat that for

 8    me, please.

 9          THE DEFENDANT:  Okay.  He asked me what I did.

10    I'm explaining that we have a problem back home.  We have

11    scarcity of foreign currency.  It has been going on for a

12    long time.  So just some few years back, people are having

13    problems paying international fees.  So when they see

14    you -- you might be leaving here, they say, "Oh, please can

15    you help me in any way get somebody" -- because some people

16    work.  In churches people gather their funds like a

17    contribution.

18          So if you go to change it, they can't -- if you

19    have to do 2,000, 3,000, people don't want to bring their

20    IDs to do those things in churches.  So if you have

21    students that will take it, they will give them the

22    equivalent.

23          So what I actually did, I exchanged funds.

24          THE COURT:  I'm not sure I understand so --

25          THE DEFENDANT:  Should I speak a little slow?

Change of Plea Hearing                                   24

```
 1              THE COURT:  No, no.  I understand what you said.
 2     I mean, I don't understand exactly what you did in terms of
 3     what the wire fraud component and -- so, what was the --
 4     what was the scheme?  Explain to me in your own words what
 5     the scheme was.
 6              THE DEFENDANT:  Okay.
 7              THE COURT:  Because there's a wire fraud scheme
 8     and then there's a money laundering part of it.  So just
 9     explain to me what the scheme was.
10              THE DEFENDANT:  Okay.  Okay.  Because of the
11     scarcity, there are, like -- we -- there are some persons,
12     like, that want to buy fish overseas.  If you are here and
13     you have somebody that has, like, 4,000, 5,000 and the
14     person needs the equivalent of the currency in naira --
15     because we are exchanging it.  So the person with the 5,000
16     will say, "Okay.  Do you want me to pay for fish or
17     something?"  So they send it out and actually pay for fish.
18              The person that is having it most times sends it
19     so I don't have to take it.  If you have it, you just send
20     it.  Then they will give you the equivalent --
21              THE COURT:  Well, let me ask.  It might be
22     easier -- can either counsel assist on asking her some
23     questions to make sure I -- we have this down?
24              MS. TU:  Judge, do you want me to help or --
25              THE COURT:  Either one, whichever.  I don't --
```

1    because you guys both know the case much better than I do.

2              MS. TU:  All right.

3              So, Sandra, let's start with -- let's start with

4    wire fraud.  So, we understand that wire fraud is when you

5    send money that doesn't belong to you or you got it

6    because -- it's not yours, but you did it under pretense

7    that it is yours and you send it overseas or to another

8    account.

9              Do you understand that?

10             THE DEFENDANT:  I understand that.

11             MS. TU:  So did that happen?

12             THE DEFENDANT:  That is not how it actually

13   happened.

14             MS. TU:  But did that happen?

15             THE DEFENDANT:  Yes.

16             MS. TU:  Okay.  Now, as for the money laundering,

17   when you take money that doesn't belong to you and then you

18   exchange it into legitimate funds, you know, for example,

19   it's cash that's from someone else and then you put it in

20   your account and -- or put it in someone else's account and

21   transfer that.  Did you do that?

22             THE DEFENDANT:  Actually, I -- like I got it as

23   cash.  Then I give it to a student that --

24             THE COURT REPORTER:  I'm sorry.  Could you please

25   speak a little closer to the microphone for me.

1          THE DEFENDANT:  I said, actually, like I get cash,

2    like 2,000.  I give it to a student.  She uses it here to

3    pay for her school fees.

4          Then the parent back home will pay the equivalent

5    back to the person that did the exchange.

6          MS. TU:  And then some people who were giving you

7    money were doing unlawful things and you didn't -- you got

8    their money and you were still using that to transfer to

9    someone else, right?

10         THE DEFENDANT:  Yeah.

11         MS. TU:  Okay.  You did that?

12         THE DEFENDANT:  Yeah.

13         MS. TU:  Okay.  Is that enough?

14         THE COURT:  Ms. Rattan, are you satisfied there?

15         MS. RATTAN:  Well, I think when you take the fact

16   that she's acknowledging the elements and her Factual

17   Basis, her factual statement that she's submitting, I think

18   that those are sufficient.

19         However, the Defendant's statements standing alone

20   are not.

21         THE COURT:  No.  I'm saying everything combined.

22         MS. RATTAN:  Yes.

23         THE COURT:  I think we're okay, but I just wanted

24   to ask.

25         MS. RATTAN:  Thank you.  Yes.

1          THE COURT:  Okay.  So, are both Defense Counsel

2     and the Government satisfied there is a factual basis to

3     support this guilty plea based upon both the elements, the

4     written factual statement, and her oral statements?

5          MS. RATTAN:  Yes, your Honor.

6          MS. TU:  Yes, your Honor.

7          THE COURT:  And I will enter the Factual Basis

8     written statement into the record.

9          Also, I just noticed, too, the Elements state the

10    "First Superseding Indictment" and the Factual Basis just

11    says "Indictment."  And I assume the plea is to the current

12    indictment, which is the Second Superseding Indictment.  Is

13    that correct?

14         MS. RATTAN:  Your Honor, there was some discussion

15    about that before this hearing.  Defense Counsel wants to

16    plead to the First Superseding Indictment, and we're not

17    objecting to that.

18         THE COURT:  No, that's fine.  So when we -- the

19    Elements say "First Superseding Indictment."  The Factual

20    Basis only says "Indictment."  But that's referring to and

21    we all agree that is the First Superseding Indictment,

22    then, for these purposes of her case, correct?

23         MS. TU:  That's correct.

24         THE COURT:  Okay.

25         MS. TU:  Your Honor, and just a clarification.

Change of Plea Hearing                                                28

 1   She pled after the First Superseding Indictment was filed,

 2   and she read that prior to signing the Factual.

 3           THE COURT:  That's fine.  I just wanted to make

 4   sure we were all on the same page.

 5           And then are both Defense Counsel and the

 6   Government satisfied the Court has complied with all the

 7   requirements for Rule 11 today?

 8           MS. RATTAN:  Yes, your Honor.

 9           MS. TU:  Yes, your Honor.

10           THE COURT:  Ms. Tu, are you aware of any reason

11   whatsoever why your client is not able to enter a knowing

12   and intelligent plea?

13           MS. TU:  No, your Honor.

14           THE COURT:  Has she been cooperative?

15           MS. TU:  She has.

16           THE COURT:  Have you discussed the facts of the

17   case in detail with her?

18           MS. TU:  Yes, your Honor.

19           THE COURT:  And do you join in her decision to

20   plead guilty today?

21           MS. TU:  Yes, your Honor.

22           THE COURT:  And then, ma'am, do you understand

23   everything that's gone on here today?

24           THE DEFENDANT:  Yes, sir.  Yes, your Honor.

25           THE COURT:  Do you have any questions?

Change of Plea Hearing

1              THE DEFENDANT:  No, your Honor.

2              THE COURT:  And, again, you're pleading guilty

3    because you are guilty of these offenses?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Okay.  In the case of Count 1 of the

6    First Superseding Indictment that charges a violation of

7    Title 18 United States Code, Section 1349, conspiracy to

8    commit wire fraud, how do you plead?

9              THE DEFENDANT:  Guilty.

10             THE COURT:  And as to Count 2 of the First

11   Superseding Indictment that charges a violation of Title 18

12   United States Code, Section 1956(h), conspiracy to commit

13   money laundering, how do you plead?

14             THE DEFENDANT:  Guilty.

15             THE COURT:  So it is the finding of the Court in

16   the case of *United States of America versus Sandra Popnen,*

17   case 4:21-cr-253, the Defendant is fully competent and

18   capable of entering an informed plea.  The Defendant

19   understands the nature of these proceedings and understands

20   the consequences of her plea of guilty, that her plea of

21   guilty is a knowing and voluntary plea supported by an

22   independent basis in fact containing each of the essential

23   elements of the offense and the Defendant committed to do

24   the acts that she has committed.

25             Therefore, the Court will accept the guilty plea

Change of Plea Hearing

1   and adjudge you guilty of this offense.  Of course, we're

2   going to condition the final review of everything on the

3   presentence report at sentencing.

4            And then is there anything further from the

5   Government?

6            MS. RATTAN:  No, your Honor.

7            THE COURT:  Anything further from Defense?

8            MS. TU:  No, your Honor.

9            THE COURT:  Okay.  And currently you are on bond,

10  are you not, ma'am?

11           MS. TU:  She's in --

12           THE COURT:  Oh, she's in custody?

13           MS. TU:  She's in custody.

14           THE COURT:  Okay.  I'm sorry.  Then you're going

15  to go back into custody pending sentencing.  So thank you,

16  ma'am.

17           THE DEFENDANT:  Thank you.

18           MS. RATTAN:  Your Honor, thank you for doing the

19  plea.

20           THE COURT:  No, not a problem.  I'm glad I could

21  help.

22           (Proceedings concluded, 4:14 p.m.)

23  COURT REPORTER'S CERTIFICATION
              I HEREBY CERTIFY THAT ON THIS DATE, OCTOBER 10,
24  2024, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD
    OF PROCEEDINGS.
25                   /s/
                 CHRISTINA L. BICKHAM, CRR, RDR